June Term,
1861.

STATE ex rel. FIELD. VS. AVERY.

STATE
v.
AVERY.

Under the statutes of this state, the certificate of the officers appointed to canvass the votes at any election, is only *prima facie* evidence of the matters contained therein; and when its correctness is called in question by a proper judicial proceeding, the party interested in sustaining it must meet the controversy upon its merits, and cannot repose upon the certificate itself, as against a party who offers to show that it is false.

In this case, the relator having alleged that a certain certificate of election was false, and having set forth facts tending to sustain the allegation, a return by the respondent to an alternative *mandamus*, setting up the certificate alone without denying the material facts alleged by the relator, was adjudged, on demurrer, to be bad; but leave was given to amend the return, upon terms.

*J. H. Knowlton*, for relator.

August 21.    *By the Court*, DIXON, C. J.   This is a demurrer to the return to an alternative writ of *mandamus*.   The object of the proceeding is to compel the respondent, who is register of deeds of the county of Juneau, and who holds his office at the village of New Lisbon, to remove and hold the same at the village of Mauston, which is claimed by the relator to be the lawful county seat of the county.   New Lisbon has heretofore been the county seat; and the controversy arises out of certain gross frauds alleged in the relation to have been perpetrated at the annual election in November, 1859, at which the qualified electors of the county were authorized to vote upon the question of the removal of the county seat to the village of Mauston.   See chap. 18, Laws of 1859.   It is charged, that of all the votes legally cast upon the question, there was a majority of at least eighty-seven in favor of such removal; but that, through the fraudulent conduct and schemes of the officers having charge of the polls at New Lisbon, and particularly of one of the clerks, five hundred and eighty-five votes were counted, canvassed and returned by the inspectors as having been given upon the question of such removal, and against the same, of which sixteen were illegal by reason of having been given by persons not qualified to vote at such election, and the remaining five hundred and sixty-nine were wholly forged and fictitious; and that

these illegal and forged votes were counted by the canvass-<br>
ing officers for the county, thereby resulting in a certificate<br>
that a majority of the qualified electors were opposed to the<br>
removal, when in fact the majority in favor of the same was<br>
as above stated. The manner in which these fictitious votes<br>
were placed in the ballot-box, and the forged poll list made<br>
up, is particularly set forth in the relation, together with<br>
many corroborating facts and circumstances, but it is un-<br>
necessary to notice them here.

June Term,<br>
1861.

State<br>
v.<br>
Saxton et al.

To the material facts constituting the fraud, the respond-<br>
ent says nothing. He returns the certificate of the county<br>
canvassers, and insists upon it as a sufficient justification for<br>
his continuing to hold his office at New Lisbon. It is clearly<br>
not so. It has been too often decided by this court to re-<br>
quire repetition here, that the certificates of canvassing offi-<br>
cers, under our statutes, are but *prima facie* evidence of the<br>
matters contained in them, and that when those matters are<br>
called in question by a proper judicial proceeding, the party<br>
interested in sustaining them must meet the controversy up-<br>
on its merits, and cannot repose upon the supposed correct-<br>
ness of the certificates, as against a party who offers to show<br>
that they are false and unfounded in fact.

The demurrer must therefore be sustained, but with leave<br>
to the respondent to amend his answer within twenty days,<br>
upon payment of $10, and the costs accruing subsequent to<br>
the filing of the same; in default of which a peremptory<br>
writ will be awarded.