STATE ex rel BURNETT. VS. PIERPONT.

*Quo Warranto. County clerk, vacancy how filled. County canvass.*

1. A vacancy in the office of county clerk cannot be supplied by election until the first general election after it occurs. 1 Tay. Stats., ch. 7, §§ 5. 6.

2. In an action in the nature of a *quo warranto*, the court will go behind the canvassers' certificate, and award the office to the person who, in fact, received a plurality of the legal votes cast therefor.

3. It is the duty of the county clerk, where no returns are received by him from a particular town, within the time prescribed by law, to send a special messenger to obtain the same. If the returns received are informal or incomplete, it is the *duty* of the board of canvassers to send a special messenger to the inspectors of the election in such town, to have the returns made as required by law. Tay. Stats., ch 7, § 89.

QUO WARRANTO to try the respondent's title to the office of county clerk.

*The Attorney General,* for the relator.

*Edward S. Bragg,* for the respondent.

LYON, J. This is an action of *quo warranto,* commenced in this court. The relator and the defendant have filed a stipulation, signed by them respectively, "that the case be heard and determined by the court upon the complaint filed therein as true; and for the purposes of the trial the respondent admits its truth."

The facts alleged in the complaint, and which, by virtue of such stipulation, are to be taken and held to be the facts in the case, are briefly as follows: At the general election held in the county of Manitowoc, on the sixth day of November, 1870, one Peter P. Tussenich was duly and legally elected to the office of clerk of the board of supervisors of that county for a full term of two years, commencing on the first Monday in January, 1871. On the 22d day of March, 1871, Tussenich resigned the said office and ceased to discharge the duties thereof.

by means whereof a vacancy was created therein. At the general election in said county on the 7th day of November, 1871, an election was held for county clerk to fill such vacancy, and the relator was at said election "duly and lawfully elected to the office of county clerk of the county of Manitowoc, to fill the vacancy in said office caused by said resignation, and was entitled, and still is entitled, to hold and enjoy the said office of county clerk aforesaid;" and the defendant wrongfully and unlawfully obtained from the board of county canvassers a certificate of his election to said office, "and afterwards, on the seventeenth day of November, 1871, he, the said *Henry S. Pierpont*, did usurp said office and intrude himself into the same, and continues to do so, and has unlawfully held, used and exercised said office and the franchises and privileges thereunto belonging, and continues to do so, to the exclusion and against the rights and privileges of the relator and of the people of this state."

All of the votes at said election for the office of county clerk seem to have been given for the relator and the defendant.

The relief demanded is that the defendant be ousted from such office, and the right of the relator thereto be adjudged.

The admitted facts in this case clearly demonstrate that the relator, and not the defendant, was duly elected.

It seems clear, also, that an election to fill the vacancy was properly held at the general election in 1871, that being the first general election which occurred after the happening of the vacancy. Tay. Stats., ch. 7, § 6. The vacancy could not lawfully have been filled before that time, for the reason that the statute does not authorize the holding of a special election to fill the same. Id., ch. 7, § 5, subd. 3. It may be observed here, that, by the provisions of ch. 131, Laws of 1871, the official designation of the officer theretofore known as "clerk of the board of supervisors," was changed to that of "county clerk."

The admitted facts are further, that, of the votes given at such election for county clerk, and which were duly returned,

the relator received 1,475, and the defendant 1,581; that no return was made or canvassed from the town of Cato in said county; and that in that town the relator received 195 votes, and the defendant 26 votes, for such office. These votes are all admitted to have been cast by legal voters. It appears, therefore, that the relator was elected by a majority of 63 votes.

In a proceeding of this nature, it is well settled that the court will go behind the certificate of the canvassers, and adjudge the office to the person who has in fact received a plurality of the legal votes therefor. *Carpenter ex rel. v. Ely*, 4 Wis., 420; *Bashford ex rel. v. Barstow*, id., 567 (p. 800); *Field ex rel. v. Avery*, 14 id., 122.

We think that it was the duty of the acting county clerk, in case no returns from the town of Cato were received by him within the time prescribed by law, to send a special messenger to obtain the same; and if such returns had been received by him, but were informal or incomplete, then it became the duty of the board of canvassers in like manner to dispatch a messenger to the inspectors of such election in that town, to the end that the returns should be made in the manner required by law. Tay. Stats., ch. 7, § 89.

There must be judgment of ouster against the defendant, and that the relator is entitled to the office, but without costs, the parties having stipulated that no costs be adjudged against the defendant.

*By the Court.*— So ordered.

DIXON, C. J., was absent.