THE STATE EX REL. GUERNSEY, Respondent, vs. MEILIKE, Appellant.

*February 25 — March 22, 1892.*

*Elections: Title to office:* Quo warranto: *Counting votes: Tie.*

1. Where there has been a mistake in the canvass of votes by the board of canvassers, the remedy by a recount is not exclusive, but the courts may, in *quo warranto* proceedings, inquire into the facts and go behind the returns to determine the right to an office.

2. In canvassing the votes cast for mayor of a city the board found two votes folded together. If both had been counted there would have been one vote more than the number of names on the poll list, from which, however, the name of one person who voted had been omitted by mistake. Supposing the two votes folded together to be for the same candidate, the board laid aside one of them, and counted the other, which was for M. As the result of the canvass the board certified that M. had received 148 votes and B. 147 votes. It. was afterwards found that the vote laid aside and not counted was for B. *Held,* that there was a tie vote. The board should

The State ex rel. Guernsey vs. Meilike.

have counted both the votes so folded together, or, under sec. 42, R. S., should have destroyed both if they were of the opinion that both were voted by one elector.

3. There being a tie vote at an election for mayor of the city of Clintonville, and cuts not having been drawn for the office according to the statute, there was no election, and the incumbent of the office was entitled to hold over until his successor should be elected and qualified.

APPEAL from the Circuit Court for *Waupaca* County. The facts are sufficiently stated in the opinion.

For the appellant there was a brief by *Charles Barber* and *Benj. M. Goldberg*, and oral argument by *Mr. Goldberg*. They contended, *inter alia*, that the case is governed by *State ex rel. Stoddard v. Bate*, 70 Wis. 409.

*Gerrit T. Thorn*, of counsel, for the respondent.

ORTON, J.   This is an action in *quo warranto* to inquire by what warrant the defendant holds the office of mayor of the city of Clintonville. The jury found that the defendant has no right to said office, and that he be ousted and excluded therefrom, and that the relator is and has been entitled to said office since April 4, 1890. This appeal is taken from the judgment entered according to said verdict. The only facts necessary to be stated are as follows:

At an election held April 7, 1891, in said city, the defendant and one Jacob Bentz were rival candidates, and were voted for, for the office of mayor. Afterwards, at the proper time on the 9th day of April following, the canvassing board of said city canvassed the returns of the inspectors of said election, and caused an entry thereof to be made upon the records of the city clerk, and certified to the effect that the defendant received 148 votes, and the said Jacob Bentz received 147 votes, for the office of mayor at said election. Proceedings were subsequently taken for a recount of said vote, but, as we view the case, they are immaterial. It seems that when the canvassing board was counting the votes they

found in the box what appeared to them double votes folded together, as if cast by the same person. If these two votes so folded had both been counted, there would be one more vote than on the list kept of the names of those who had voted. The board, therefore, supposing these two votes were cast by the same elector, threw aside one of them, and counted the other, which was a vote for the defendant. The vote laid aside was afterwards found to be a vote cast for said Bentz. The board made two mistakes,— one in supposing that these two votes were voted together by the same person and for the same candidate, and the other in omitting from the said list the name of one Thomas, who had voted at said election. These facts appeared afterwards. The board made another mistake in casting aside the vote for Bentz, and counting the vote for the defendant. According to their understanding, that these two votes were folded together and cast by the same person, they should have destroyed both of them, and not have counted either. Sec. 42, S. & B. Ann. Stats. If they had both been counted, or if they had both been cast aside, the defendant and Bentz would have had a tie vote. The said Bentz offerred to draw cuts, as in case of a tie vote, but the defendant refused. The above facts are shown by abundant proof.

The facts are not so much contested as the proof of them. It is claimed by the learned counsel of the appellant that these facts could not be shown to impeach the record and returns of the board. If this is so, there is at least one great private as well as public wrong that is without a remedy. This mistake was corrected on a recount, but that recount is assailed as not being strictly within the law. That remedy by a recount, however, is not exclusive. The court has jurisdiction in *quo warranto* to inquire into the facts and go behind the returns to determine the right to an office. The recount is not more exclusive than the canvass and certificate of the inspectors are conclusive. The can-

vass was a grossly illegal one.   The board might as well
have thrown away half of the votes as one in such a case.
It is not a canvass of the votes.   The board either igno-
rantly or wilfully put its hand in the box and took out a
vote, and laid it aside without any right, and failed to count
it.   Their proceedings were full of mistakes.   They failed
to enter the name of one who had voted, and then cast aside
one of the votes they supposed was folded up with another,
and that both had been cast by the same person, in order
to make the votes agree with their defective list of names,
and then counted the other vote for the defendant, when
they should both have been destroyed.   Can this be called
a canvass above impeachment?

In *Att'y Gen. ex rel. Carpenter v. Ely*, 4 Wis. 420, a double
vote for senator, or with two names for senator, was not
counted for district attorney on the same ballot; and so the
votes were canvassed.   The same objection was made, that
the facts could not be shown to impeach the returns.   The
court said: "We are bound to go back and rectify this
mistake or omission, and count the vote, for it is the elec-
tion by a plurality of votes which constitutes the right to
an office, and that right cannot be defeated by the mistake
or negligence or misconduct of the canvassing boards."
This is a case in point, as near as one case usually is like
another.   It was held in this case, and has since been so
held in other cases, that the duties of a canvassing board
are ministerial; and it has frequently been decided by this
court that this canvass is only *prima facie* evidence of the
facts, and that the right to an office must depend upon the
votes actually cast.   *State ex rel. Dunning v. Giles*, 2 Pin.
166; *Att'y Gen. ex rel. Bashford v. Barstow*, 4 Wis. 567;
*State ex rel. Field v. Avery*, 14 Wis. 122; *State ex rel. Holden
v. Tierney*, 23 Wis. 430; *State ex rel. Burnett v. Pierpont*, 29
Wis. 608.   Bentz and the defendant had a tie vote, and neither
was elected, and they failed by the fault of the defendant to

draw cuts for the office according to the statute.[1]   The relator, therefore, who had held the office by an election of the previous year, is entitled to hold over until his successor is elected and qualified, and has the right to the office as against the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.

[1] The charter of the city of Clintonville (ch. 161, Laws of 1887) provides: " All elections by the people shall be by ballot, and a plurality of the votes shall constitute an election.   In a case of a tie vote, lots may be cast in the presence of the common council and in such manner as it shall direct."   Subch. 2, sec. 9.   It also provides that "all officers shall hold their office until their successors be elected and qualified."   Subch. 2, sec. 3.— Rep.